UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>MIGUEL ANGEL GUERRERO, JR.,<br><br>　　　　　　　　Defendant. | NO. 2:17-CR-0227-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

　　　BEFORE THE COURT is Defendant's *Pro Se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 78. The Government filed its response in opposition. ECF No. 81. Defendant filed no reply. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

　　　On June 7, 2018, Miguel Angel Guerrero, Jr. appeared before the Court and entered a plea of guilty to Count 1 of the Indictment filed on December 5, 2017,

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

charging him with Possession with the Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841. ECF Nos. 42, 43.

On July 9, 2019, this Court sentenced Defendant to a 108-month term of imprisonment, followed by a 5-year term of supervised release, and a $100.00 special penalty assessment. ECF No. 66. Defendant had been detained since his arrest on December 1, 2017 and after sentencing was remanded to the custody of the United States Marshal to begin service of his sentence. According to the Bureau of Prisons' website, Defendant is currently scheduled for release on August 1, 2025.

On June 15, 2020, Defendant submitted a request for sentence reduction to the warden of the facility where he is incarcerated. ECF No. 78 at 2, 8-9 (denial by Warden).

On June 21, 2021, Defendant filed the instant Motion for Compassionate Release. ECF No. 78. Defendant requests the Court to reduce his sentence to time served. *Id*. at 7. He explains that extraordinary and compelling reasons support such reduction because of the pandemic and his health conditions, including his sleep apnea, obesity, and high cholesterol. *Id*. at 1, 5. Defendant claims the 18 U.S.C. § 3553(a) sentencing factors do not prohibit a reduction and that he has a release plan, including jobs and housing. *Id*. at 1, 7. Without factual detail or

argument, Defendant also contends that his Indictment was obtained through fraudulent means and the undersigned has a conflict of interest.

The Government opposes Defendant's release, explaining that there are no extraordinary and compelling reasons for immediate release, Defendant has previously tested positive for COVID-19 and has recovered, and he received the first of two doses of the Moderna COVID-19 vaccine on April 9, 2021, but refused the second dose on July 13, 2021. *See* ECF No. 80-1 at 63. The Government explains that Defendant does not have any medical condition that is not being monitored and controlled and the 18 U.S.C. § 3553(a) factors do not support release. ECF No. 81.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after

receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been

updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide *guidance* on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases) (emphasis added). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1.

Most recently, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d

797 (9th Cir. 2021). According to the Ninth Circuit, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. Thus, "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

### B. Exhaustion or Lapse of 30 days

Defendant has exhausted his administrative remedies. He submitted a request for compassionate release to the Warden more than 30-days prior to filing his motion. The Government concedes that Defendant has exhausted his administrative remedies. ECF No. 81 at 4.

### C. Extraordinary and Compelling Reasons

Defendant, now age 33, argues that extraordinary and compelling reasons justify a sentence of time served. First, given the pandemic, he contends his medical condition is extraordinary and compelling. While the medical records show that Defendant has sleep apnea, is obese, and has slightly elevated cholesterol levels, the records also show that Defendant's medical needs are being met, Defendant continues to be medically monitored and is being prescribed medication. ECF No. 80-1 (medical records filed under seal). Defendant tested positive for COVID-19 on January 11, 2021 but was asymptomatic. *Id*. at 61.

After a 10-day period of quarantine, Defendant tested negative for COVID-19 and was still asymptomatic. *Id*. at 4-6, 62 (denies all COVID-19 symptoms and no apparent distress). Subsequently, Defendant received his first COVID-19 vaccine, but later refused his second dose. *Id*. at 63.

Defendant has been counseled to diet, lose weight, exercise, and take his medications. A review of all the medical records submitted shows that Defendant's medical conditions are stable, and his chronic conditions were being managed and monitored.

Defendant's non-acute medical conditions will exist inside or outside prison and since Defendant has had COVID-19 and is partially vaccinated, no extraordinary and compelling reason exists to release the Defendant.

Whether Defendant is housed in prison or released, the virus continues to spread throughout the world. Defendant received one dose of the vaccine but refused to take the second dose. Just because Defendant voluntarily refuses to take medicine to prevent COVID-19 infection, does not mean he should be released from prison. His fear of infection in prison does not warrant immediate release into the community, where the virus continues to spread as well. In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

//

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>         (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>         (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>     (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

>     (5) any pertinent policy statement—
>         (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>         (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>     (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>     (7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At sentencing, Defendant's total offense level was 31 and he had a criminal history category of III. This directed an advisory guideline range of 135 to 168 months of imprisonment. Considering all the sentencing factors, the Court expressly departed from the advisory range and imposed a 108-month term of imprisonment which was sufficient but not greater than necessary to comply with the purposes and goals of sentencing given Defendant's criminal history and failure to reform.

Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. Defendant was stopped at 12:50 a.m. on November 30, 2018, in Spokane, Washington. A search warrant for his person and vehicle was obtained. Officers found $22,000 in cash, a .40 caliber Taurus pistol, a drug ledger, 91.9 grams of heroin, and 411.6 grams of Methamphetamine (Ice) in

Defendant's car and on his person. Defendant admitted he possessed the methamphetamine for distribution to others. Defendant has an extensive prior criminal history beginning at the age of 13, including prior federal convictions for distributing methamphetamine and felon in possession of a firearm, which all resulted in a criminal history category III. Defendant has used illegal controlled substances nearly his entire life, since the age of 8.

The Court is obligated to protect the public from defendant's serious, dangerous and devastating conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Considering the totality of all the facts, compassionate release is unwarranted.

**E. Allegations of a Fraudulent Indictment and Judicial Conflict of Interest**

Without factual detail or argument, Defendant contends that his Indictment was obtained through fraudulent means and that the undersigned has a conflict of interest.

1    Defendant seems to contend that the search and seizure of his car violated

2 his Constitutional rights.  However, a guilty plea waives any prior Constitutional

3 violation.  "[A]n unconditional guilty plea, without a Rule 11(a)(2) reservation,

4 constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings,

5 including a motion to suppress." *United States v. Lopez–Armenta*, 400 F.3d 1173,

6 1175 (9th Cir. 2005) ("[I]t is well-settled that an unconditional guilty plea

7 constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings

8 and cures all antecedent constitutional defects.") (citing *Tollett v. Henderson*, 411

9 U.S. 258, 267 (1973)); *see also United States v. Jackson*, 697 F.3d 1141, 1144 (9th

10 Cir. 2012).  By entering a valid plea of guilty, Defendant is precluded from raising

11 a claim related to a constitutional deprivation preceding his guilty plea.  *See Tollett

12 v. Henderson*, 411 U.S. at 267.

13    Additionally, Defendant was aware that his attorney did not bring a motion

14 to suppress before his plea and sentencing, thus he has waived this issue by

15 pleading guilty and by the express terms of his plea agreement.

16    Defendant seems to allege that the undersigned has a conflict of interest

17 because he was the First Assistant United States Attorney when Defendant was

18 prosecuted in 2008 for Felon in Possession of a Firearm (case number: 2:08-cr-

19 02056-RHW-1) and Distribution of Methamphetamine (case number 2:08-cr-

20 02057-RHW-1).  The present case concerns Defendant's conduct on November 30,

2017, some 5-years after the undersigned became a judge. The undersigned has no statutory conflict of interest, 28 U.S.C. § 455, nor any other conflict, ethical or otherwise because the undersigned had no personal involvement as a prosecutor in a critical decision in the Defendant's present case. *See Williams v. Pennsylvania*, 136 S. Ct. 1899, 1910 (2016).

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction nor do the § 3553(a) factors.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 78, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED September 17, 2021.



THOMAS O. RICE
United States District Judge